IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Bacchus, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:09-1226-HMH-WMC |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Major Dean, Associate Warden Bell, ) and Investigator Greer, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the defendants' motion for summary judgment (doc. 30) and the plaintiff's motion for summary judgment (doc. 47).

The plaintiff, a state prisoner who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

On September 8, 2009, the defendants filed a motion for summary judgment. On September 9, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On October 14, 2009, the plaintiff filed his own motion for summary judgment, which this court has also construed as an opposition to the defendants' motion for summary judgment. The defendants filed their response in opposition to the plaintiff's motion on November 2, 2009.

**FACTS PRESENTED**

The plaintiff is serving an 18-year sentence for voluntary manslaughter, grand larceny, failure to stop for an officer, and resisting arrest (def. m.s.j., ex. A). The plaintiff is currently serving his term at Lee Correctional Institution ("Lee"). From 2007 to the present,

the plaintiff received 14 major convictions, which include a conviction for assault and battery on a correctional officer. *Id.* During his stay in the plaintiff's administrative segregation unit ("SMU"), the plaintiff received major convictions for exhibitionism and refusing to obey an order. *Id.*

On December 2, 2008, an inmate was stabbed on the east yard at Lee (def. m.s.j., ex. B). According to information gathered from inmates, the plaintiff was involved in the stabbing. *Id.* On December 9, 2008, the plaintiff was placed in the SMU to protect the integrity of the investigation. *Id.* The incident report is signed by Captain Robert Johnson and Associate Warden Bell. *Id.*

According to the defendants, the conditions experienced in the SMU are similar to the conditions experienced by the general population (Margaret Bell aff. ¶ 3). Inmates in the SMU are provided recreational opportunities, regular meals, showers, and access to medical facilities. *Id.* In addition, the sanitation of the cells in the SMU are the same as the cells in the general population. *Id.*

On February 17, 2009, the plaintiff submitted a grievance complaining that he was housed in the SMU longer than allowed by policy (def. m.s.j., ex. D). According to the defendants, the grievance was unprocessed because the plaintiff failed to submit a request to staff form to his SMU caseworker before filing the grievance in an effort to achieve an informal resolution (def. m.s.j., ex. D, E). However, in support of his own motion for summary judgment, the plaintiff submitted copies of three request to staff forms dated January 7, 12, and 13, 2009, and addressed to his caseworker, Associate Warden Bell, and Bruce Oberman, in which he made the same complaints. The plaintiff received a response from Mr. Oberman on January 17, 2009, and a response from his caseworker on January 9, 2009. The plaintiff's caseworker told the plaintiff that he needed to send a request to staff form to defendant Investigator L. Greer. The plaintiff received a response from Associate Warden Bell on March 18, 2009, noting that the plaintiff was "currently pending a major conviction for

2

exhibitionism" (pl. m.s.j., A). Investigator L. Greer of the South Carolina Department of Corrections ("SCDC") Office of Investigation wrote the plaintiff on April 22, 2009, stating that he did not place the plaintiff in SMU, and he did not know why the plaintiff was there. Mr. Greer suggested that the plaintiff contact Mr. Oberman or Associate Warden Bell "for a better clarification of [his] status" (pl. m.s.j., ex. E).

On April 24, 2009, the plaintiff submitted a grievance complaining that he was being held in lockup longer than 30 days (def. m.s.j., ex. F). As of the date of the filing of the defendants' motion for summary judgment, the grievance was still pending (def. m.s.j., ex. E).

On April 27, 2009, prison officials ordered the plaintiff to return to the general population (Bell aff. ¶ 5). However, the plaintiff refused to leave the SMU, and he received a disciplinary conviction for the refusal. *Id.* The plaintiff was returned to the general population on May 19, 2009 (*see* pl. m.s.j. 3; def. m.s.j., ex. B). Shortly after rejoining the general population, the plaintiff was convicted of assault and battery of a correctional officer (def. m.s.j., ex. A). The plaintiff commenced this action on May 13, 2009. He claims that the defendants placed him and conspired to place him in the SMU without disciplinary charges and a hearing and failed to prevent the violation of his civil rights. He raises claims under 42 U.S.C. §§ 1983, 1985, and 1986, and a claim for gross negligence.

**APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is

3

entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendants first argue that the plaintiff has failed to exhaust his administrative remedies. While it does not appear that the plaintiff filed a Step Two grievance

4

with regard to his allegations in this case, there is some evidence that the plaintiff has attempted to comply with the SCDC's grievance procedures. Accordingly, this court does not recommend dismissal on that basis and will consider the plaintiff's claims on the merits.

The plaintiff alleges in his complaint that he was placed in Lee's SMU in violation of SCDC policies and procedures and his rights under the due process clause.[1] An institution must provide procedural due process before transferring an inmate to an administrative segregation unit only when "confinement in the administrative segregation unit impose[s] such an atypical hardship on [the inmate] vis a vis ordinary prison life, that they possess[] a liberty interest in avoiding it." *Beverati v. Smith*, 120 F.3d 500, 502-503 (4th Cir. 1997). In *Beverati*, inmates alleged that they were transferred to an administrative segregation unit without due process. *Id.* The Fourth Circuit Court of Appeals assumed the following conditions in the administrative unit were present:

> Inmates . . . claim that . . . their cells [in administrative segregation] were infested with vermin; smeared with human feces and urine; flooded with water from a leak in the toilet on the floor above. And [the inmate] assert that they were forced to use their clothing and shampoo to clean their cells. In addition, Inmates maintain that their cells were unbearably hot and that the food they received was cold. Furthermore, [inmates] assigned to administrative units did not receive clean clothing, linen, or bedding as often as required by the regulations governing administrative segregation; that they were permitted to leave their cells three to four times per week, rather than seven, and that no outside recreation was permitted; that there were no education or religious services available; and that food was served in considerably smaller portions.

*Id.* at 504. Despite these alleged conditions, the Fourth Circuit Court of Appeals held that the transfer into the administrative segregation unit did not provide an "atypical, significant

---

[1]The plaintiff has not alleged that he lost any good-time credits as a result of the stabbing incident. Accordingly, the requirements of *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974), which apply when a disciplinary hearing affects a liberty interest such as good-time credits, are not implicated.

5

deprivation, in relation to the ordinary incidents of prison life" that warranted protection under the due process clause. *Id.* Accordingly, the court found that the district court properly granted summary judgment on the plaintiffs' procedural and substantive due process claims.

In this case, the evidence before the court is that the conditions present at Lee's SMU are similar to the conditions experienced by the general population (Bell aff. ¶ 3). The plaintiff has come forward with no evidence showing that the conditions of the SMU were atypical. In fact, the plaintiff was scheduled to return to the general population on April 27, 2009, but he refused to leave the SMU, and he received a disciplinary conviction for the refusal.

The evidence establishes that the transfer to Lee's SMU does not amount to an "atypical, significant deprivation" in relation to the normal prison conditions at Lee. Consequently, the evidence establishes that the transfer of the plaintiff, even assuming the violation of SCDC policies, did not violate his rights under the due process clause. As the Honorable Margaret B. Seymour, United States District Judge, recently found:

> The violation of disciplinary procedure rules by a prison does not constitute a violation of due process. Plaintiff's assertion to the contrary is misplaced. Therefore, the court finds that even if SCDC violated its own procedures those violations did not violate Plaintiff's right to due process.

*Sturkey v. Ozmint*, 2008 WL 4507508, *2 (D.S.C. 2008) (unpublished) (citing *Sandin v. Conner*, 515 U.S. 472, 483 (1995)). Accordingly, the plaintiff's due process claims fail.

In addition, a plaintiff raising a claim under 42 U.S.C. § 1985 must, to withstand a motion for summary judgment, present concrete supporting facts showing racial animus and an agreement or a "meeting of the minds" by defendants to violate the claimant's constitutional rights. *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). The plaintiff is unable to present any evidence of racial animus and a conspiracy. The plaintiff's claim under 42 U.S.C. § 1986 (action for neglect to prevent violation of Section 1985) fails for the same reasons.

6

The plaintiff also alleges a claim for gross negligence. However, he has produced absolutely no evidence in support of this claim. Conclusory allegations, without more, are insufficient to preclude the granting of a summary judgment motion. *Ross,* 759 F.2d at 365. Accordingly, the claim fails.

The defendants also contend that they are entitled to qualified immunity in their individual capacities. This court agrees. Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendants' position would have known of it. *Id.* As discussed above, the plaintiff has failed to show that the individual defendants violated any of his clearly established or statutory rights. Therefore, the defendants are entitled to qualified immunity as to monetary damages.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment (doc. 30) be granted, and the plaintiff's motion for summary judgment (doc. 47) be denied. The plaintiff's pending nondispositive motions will be held in abeyance pending the district court's disposition of the motions for summary judgment. Should the district judge adopt this court's recommendation, the nondispositive motions will be rendered moot.

March 1, 2010  
Greenville, South Carolina

s/William M. Catoe  
United States Magistrate Judge