IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

David Bacchus, )
)
        Plaintiff, ) C.A. No. 6:09-1226-HMH-WMC
)
vs. ) **OPINION & ORDER**
)
Major Dean, Associate Warden Bell, and )
Investigator Greer, )
)
        Defendants. )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] David Bacchus ("Bacchus"), a state prisoner proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983. In his Report, Magistrate Judge Catoe recommends granting the Defendants' motion for summary judgment and denying Bacchus' motion for summary judgment.

Bacchus filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Bacchus' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Bacchus objects that the Defendants violated his procedural due process rights by transferring him to the special management unit of Lee Correctional Institution without a disciplinary hearing resulting in the loss of good-time credits. (Objections, generally.) Bacchus raises the claim that he was deprived of good-time credits for the first time in his objections. "When loss of good-time credits or solitary confinement is at issue, the United States Supreme Court has mandated the following procedural safeguards: (1) advance written notice of charges; (2) written findings; and, generally, (3) the right to call witnesses." Hinton v. Sutton, No. 93-7233, 1994 WL 52189, at *1 (4th Cir. Feb. 23, 1994) (unpublished) (citing Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974)). This issue was not considered by the magistrate judge. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court declines to adopt Magistrate Judge Catoe's Report and Recommendation and remands this matter for further consideration.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  Senior United States District Judge

Greenville, South Carolina
March 17, 2010